# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2008

Charles R. Fulbruge III
Clerk

No. 06-20630
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANGEL MORENO SALAZAR

Defendant-Appellant

[Consolidated with No. 06-20775]

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CARLOS SALAZAR

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-371-3

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Angel Moreno Salazar ("Angel") and Juan Carlos Salazar ("Juan") pleaded guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 371, 1591(a). At rearraignment, each defendant admitted to trafficking girls under the age of 18 for the purpose of forcing them into prostitution. The statutory maximum term of imprisonment as to each defendant was sixty months. § 371.

## Angel Salazar

Angel contends that the district court erred in applying U.S.S.G. § 2G1.3, which applies to sex trafficking offenses involving minors, rather than U.S.S.G. § 2G1.1, which applies to sex trafficking offenses involving non-minors. Specifically, Angel contends that the court clearly erred in finding that (1) he knew the sex trafficking operation involved minors, and, alternatively, that (2) it was reasonably foreseeable that the victims would include minors.

Angel was sentenced after the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005). While after Booker, a district court's ultimate sentencing decision is reviewed for reasonableness, this court continues to review a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). In determining a defendant's sentence, "the district court may consider any relevant evidence that has sufficient indicia of reliability to support its probable accuracy." United States v. Angeles-Mendoza, 407 F.3d 742, 750 (5th Cir. 2005). Generally, a pre-sentence report ("PSR") bears sufficient indicia of reliability to be considered as evidence by the sentencing judge when making factual determinations. United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alfaro, 919 F.2d 962, 966 (5th Cir. 1990). The record reflects that Angel knew that the victims of the sex trafficking operation involved minors. The indictment, to which Angel pleaded guilty, charged him with participating in a sex trafficking conspiracy involving "young Mexican girls . . . [who] had not attained the age of 18 years." At his rearraignment, Angel indicated that he understood the crime with which he was charged -- including the fact that the trafficked person was under 18 years of age -- and admitted that he had committed the crime. Finally, the PSR indicates that Angel, on at least one occasion, drove a minor to a bar so that she could work as a prostitute. Angel has not established that the information relied upon by the district court was "materially untrue," see United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996) or that the district court clearly erred in reaching its determination. See Caldwell, 448 F.3d at 290.

Finally, Angel's argument that the district court should have applied § 2G1.1 rather than applying § 2G1.3 because it was not reasonably foreseeable to him that minors would be involved in the sex trafficking operation fails because the record reflects that he knew minors were involved.

Juan Salazar

Juan first argues that the district court erred in enhancing his sentence pursuant to U.S.S.G. § 2G1.3(b)(1)(B) and (2)(B) because the fact that (1) he participated in the smuggling of a minor into the United States, and that (2) he unduly influenced a minor to engage in prohibited sexual conduct were neither admitted by him nor found by a jury.

To the extent that Juan is arguing that the district court violated his rights under the Sixth Amendment when it sentenced him, his argument is without merit. In Apprendi v. New Jersey, 530 U.S. 466, 476 (2000), the Supreme Court held that any fact that increases the maximum sentence authorized by a jury must be admitted by the defendant or found by a jury

beyond a reasonable doubt. In 2005, the Supreme Court applied Apprendi to the Sentencing Guidelines requiring that any fact, other than the fact of a prior conviction, that increases a sentence beyond the maximum authorized by the facts established by a guilty plea or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Booker, 554 U.S. at 244. Here, the district court did not err in enhancing Juan's sentence pursuant to § 2G1.3(b)(1)(B) and (2)(B) because the enhancements were based upon Juan's admissions that he (1) participated in a sex trafficking conspiracy which involved minors, and (2) smuggled one of the minors into the United States.

Juan also argues that his sentence is unreasonable because the district court failed to consider the factors enumerated in 18 U.S.C. § 3553(a) in determining his sentence. After Booker, we review sentences for "reasonableness." United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). The sentencing court has a duty to consider the § 3553(a) factors and to correctly determine the applicable guideline range. Mares, 402 F.3d at 518-19. "[A] sentence within a properly calculated Guideline range is entitled to a non-binding presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

In Gall v. United States, 128 S. Ct. 586, 597 (2007), the Supreme Court held that "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review [a district court] sentence under an abuse-of-discretion standard." Under Gall, the appellate court must first consider whether the district court committed a significant procedural error, such as miscalculating the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, or failing to explain the reasons for the sentence. Id. If the decision is procedurally sound, the appellate court considers the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

In the instant case, the district court's sentencing decision was procedurally sound. Although Juan complains that the district court failed to consider the § 3553(a) factors, the record reflects that the district court noted that he "dedicated himself to putting females into prostitution," and that he assisted his father "by providing girls and women from Mexico to work as prostitutes." Given the nature and circumstances of the crime of conviction, the district court did not abuse its discretion in sentencing Juan to the statutory maximum term of imprisonment. See Gall, 128 S. Ct. at 597.

Accordingly:

We AFFIRM the district court sentence with respect to Angel Salazar; and

We AFFIRM the district court sentence with respect to Juan Salazar.